UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

KENNETH NICKLES,

      Plaintiff,

v.                              CASE NO.:

CRESCENT BANK & TRUST,

      Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Kenneth Nickles, by and through the undersigned counsel, and sues Defendant, CRESCENT BANK & TRUST, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.      The TCPA was enacted to prevent companies like CRESCENT BANK & TRUST from invading American citizen's privacy and to prevent abusive "robo-calls."

2.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.      The alleged violations described herein occurred in Floyd County, Kentucky. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Floyd County, Kentucky.

9.      Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant, CRESCENT BANK & TRUST, is a corporation which was formed in Louisiana with its principal place of business located at 1100 Poydras Street, Suite 100, New Orleans, Louisiana 70163 and which conducts business in the State of Kentucky through its registered agent, CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

11.     CRESCENT BANK & TRUST called Plaintiff approximately two hundred (200) times in an attempt to collect on a car loan.

12.     Upon information and belief, some or all of the calls CRESCENT BANK & TRUST made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and he also received prerecorded messages from CRESCENT BANK & TRUST.

13.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (606) ***-7801, and was the called party and recipient of Defendant's calls.

14.     CRESCENT BANK & TRUST placed an exorbitant number of automated calls to Plaintiff's cellular telephone (606) ***-7801 in an attempt to collect on an auto loan.

15.     On several occasions over the last four (4) years, Plaintiff instructed CRESCENT BANK & TRUST's agent(s) to stop calling his cellular telephone.

16.     Specifically on one occasion, Plaintiff spoke with an Agent of Defendant and stated "Quit calling."  Each call CRESCENT BANK & TRUST made to Plaintiff's cell phone after revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

17.     Despite Plaintiff informing CRESCENT BANK & TRUST to stop calling CRESCENT BANK & TRUST autodialer calls to Plaintiffs cellular phone continued. Between January 11, 2017 and January 20, 2017, Plaintiff made a non-exclusive log of nine (9) calls he received from CRESCENT BANK & TRUST. Due to the volume and time period over which he received automated calls, Plaintiff was not able to properly catalogue each and every call from CRESCENT BANK & TRUST; however, attached hereto as Exhibit A is a small sampling.

18.     The autodialer calls from CRESCENT BANK & TRUST came from telephone number, including but not limited to, (866) 208-8288, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to CRESCENT BANK & TRUST.

19.      CRESCENT BANK & TRUST knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to four (4) times a day, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

20.     CRESCENT BANK & TRUST has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

4

21.     CRESCENT BANK & TRUST has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CRESCENT BANK & TRUST, to remove the number.

22.     CRESCENT BANK & TRUST's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to CRESCENT BANK & TRUST they do not wish to be called.

23.     CRESCENT BANK & TRUST has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24.     CRESCENT BANK & TRUST has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

25.     CRESCENT BANK & TRUST has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

26.     CRESCENT BANK & TRUST's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from CRESCENT BANK & TRUST call list.

27.     CRESCENT BANK & TRUST has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

28.     Not one of CRESCENT BANK & TRUST's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

29.     CRESCENT BANK & TRUST willfully and/or knowingly violated the TCPA with respect to Plaintiff.

30.     From each and every call placed without express consent by CRESCENT BANK & TRUST to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

31.     From each and every call without express consent placed by CRESCENT BANK & TRUST to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from CRESCENT BANK & TRUST call.

32.     From each and every call placed without express consent by CRESCENT BANK & TRUST to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33.     Each and every call placed without express consent by CRESCENT BANK & TRUST to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34.     Each and every call placed without express consent by CRESCENT BANK & TRUST to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

35.     Each and every call placed without express consent by CRESCENT BANK & TRUST to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

36.     Each and every call placed without express consent by CRESCENT BANK & TRUST to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

37.     As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, aggravation and trouble sleeping. Further, Plaintiff suffers from a medical condition, which is aggravated by and made worse by stress.  The stress caused by the Defendant's harassing phone calls caused Plaintiff to suffer from high blood pressure and depression.

## COUNT I
### (Violation of the TCPA)

38.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.     CRESCENT BANK & TRUST willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CRESCENT BANK & TRUST that Plaintiff wished for the calls to stop.

40.     CRESCENT BANK & TRUST repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CRESCENT BANK & TRUST for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
*Application for Pro Hac Pending*
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff